Chief Justice Robertson
delivered the Opinion of the Court.
Andrew Leeper having obtained a judgment by default against Henry Carter, for one hundred and forty dollars in notes on the Bank of the Commonwealth, in an action of covenant, on an obligation given in September, 1826, for two hundred dollars, in such notes, to be paid on the 1st of March, 1827, and on which a credit was endorsed for sixty dollars, paid in 1829 — Carter filed a bill in Chancery enjoining the judgment on the ground, as alleged in the bill, that the only consideration of the covenant was a promise by Leeper, to emancipate two old slaves of his own, on or before the 1st of March, 1827; and that he had failed and still refused to emancipate them, or either of them.
In his answer, Leeper denied that the consideration as alleged in the bill was the true one; admitted that he *262 had not emancipated the slaves, and did not intend to do so; and averred that the only consideration for the covenant by Carter, was the fact that he (Leeper) had, for about two years prior to the date of it, permitted the said two slaves to go at large and acquire property, for which he considered himself entitled to compensation, and that, for securing that claim, the covenant was given.
But few depositions were read on the hearing, and they are as conflicting as the bill and answer. One witness for the complainant swore that had he heard Leeper admit that, the consideration of the covenant was an agreement by him to emancipate the two slaves, as alleged in the bill. And two other witnesses, for the defendant, swore that, but a short time before the date of the covenant, they heard a conversation between Carter and Leeper, in which the latter said that he would never incur the responsibility of emancipating the old slaves, but that he would, for two hundred dollars, agree that they might, during their lives, act for themselves without his control.
Thus we have exhibited, three different grounds; either of which was of such a character as to entitle Carter to relief; for if the answer be true, there was no valuable consideration; because the slaves could not have been indebted to their master for the value of past time devoted to their own use, or for property thus acquired by their labor, and which, in judgment of law, was, and still must have continued to be, his.
And if Leeper’s witness stated the truth, the consideration was illegal and contrary to public policy; for it is inconsistent with the policy of our State, and contrary to the fourteenth section of an act of 1798, and the first section of an act of 1802, to permit a slave to go at large and act for himself. And though, if the consideration, as described by Leeper’s witnesses, were the true one, the parties were both guilty of a violation of the law, yet, in such a case, a court of equity, for the public good and conservation of the public policy, would have jurisdiction to prevent the enforcement of the covenant, or compel a surrender of it to the *263 covenantor, or to enjoin the judgment upon it by default, the character of the consideration presenting, as it would, a case of concurrent jurisdiction. Law vs. Law, 3. Pr. Wms. 391; 1. Mad. Ch'y. 228, and Lord St. John vs. Lady St. John, 11. Ves. 335.
Where a def’t by his answer & proof,shows that the comp’t is entitled to relief, it may be granted, although the grounds disclosed by def’t, are not the same as the comp’t sets up in his bill, but fails to establish— especially, when the controversy is upon the consideration of a note, not good according to the allegations of either.
Comp’t seeks to enjoin a judg’t on the ground that the consideration failed, & shows how; def’t denies, & states a different consideration, but an insufficient one; his witnesses prove a third, which is void: held that comp’t is entitled to relief.
An answer being inconsistent with the bill, and all the proof, is so far discredited, that one witness may be sufficient.
Allegation that the consideration of a note was deft's agreement to emancipate certain slaves, & proof that it was an agreement to permit them to go at large and act as free persons— held to be so far consistent, as to entitle complainant to relief.
Equity will not, in general, decree restoration of money paid upon an illegal consideration.
But the counsel of Leeper insists that, the proof is insufficient to sustain the allegations of the bill, and that a court of equity cannot decree relief upon any ground not relied on or embraced by the bill. If this be true, then the judicial anamoly is presented of a case in which, although the allegations of the bill, the answer of the defendant, and the defendant’s evidence, would, either of them, present a sufficient ground for relief, yet the defendant must succeed.
We think the defendant has no right to object to such a decree, as his own admissions and proofs would authorize the complainant to claim, especially when the bill, answer and depositions all concur in establishing either the failure or insufficiency of the consideration of the covenant. The complainant insists that there was a failure of consideration, and therefore, seeks relief; the defendant shews that the consideration was insufficient; and we cannot believe that the bill should be dismissed merely because the complainant may have been mistaken as to the specific character of the insufficient consideration, when the defendant himself has shown that the complainant is entitled to relief. It was useless for the complainant to amend his bill for the purpose of relying on a fact admitted by the defendant in his answer, or proved by the defendant’s witnesses.
Moreover, the answer, being inconsistent with the bill, and with all the evidence on both sides, has been so far discredited as to make one credible witness sufficient for sustaining the allegations of the bill; and, though the defendant’s two witnesses might outweigh the complainant’s single witness, still the difference between agreeing to permit the slaves to live and act as *264 free persons, and agreeing to emancipate them, being more technical than substantial, the bill and the testimony on both sides may be considered to be so far concurring as to the essence of the contract, as to entitle the complainant to be considered as claiming relief on the ground of an agreement either to “ emancipate” or to suffer the slaves to act, in all respects, as if emancipated. And, therefore, as the latter ground has been established by the defendant’s own testimony, the complainant seems to be entitled to relief.
But as the defendant’s testimony is at least equal in force to that of the complainant, especially as the complainant paid sixty dollars after the 1st of March, 1827, there should be no decree for restitution of the sixty dollars which had been paid; because, excepting in very peculiar cases, a court of equitf will not decree restitution of money paid on an illegal consideration.
Wherefore it is decreed that the decree of the Circuit Court be reversed, and the cause remanded with instructions to perpetuate the injunction, to the judgment at law.